# UNITED STATES DISTICT COURT
# NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| L. & J. G. STICKLEY, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>TARGET CORP. and TARGET BRANDS, INC.<br><br>            Defendants. | Civil Action No:  5:17-cv-1365 (LEK/ATB)<br><br>Judge: |

## COMPLAINT

Plaintiff, L. & J.G. Stickley, Inc. (hereinafter, "Stickley" or "Plaintiff"), by their attorneys, Heslin Rothenberg Farley & Mesiti, PC, brings this action against Defendants and alleges on knowledge as to its own acts and otherwise on information and belief as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

**A.**     **Nature of the Case**

1.       This is an action for trademark infringement, counterfeiting, unfair competition, and false designation of origin, all arising under and in violation of the Lanham Act, 15 U.S.C. §§ 1051, *et seq*., and New York State law.

2.       Stickley brings this action to obtain redress and compensation for past and ongoing loss and damages sustained because of the unlawful conduct and infringement by Defendants Target Corp. and Target Brands, Inc. (hereafter, "Target" or "Defendants").  As used herein, the term "Defendants" is further defined to include all entities or persons acting in concert or participation with Target, or acting or purporting to act on its behalf, or who are within its control.

3.       Stickley seeks a permanent injunction, damages, including Defendants' profits,

trebled under the law, statutory damages, punitive damages, and related relief as more fully described herein.

**B.**     **Jurisdiction And Venue**

4.     This court has original jurisdiction over the Lanham Act causes of action pleaded herein pursuant to pursuant to 28 U.S.C. §1331, 1332 and 1338, as it involves claims presenting federal questions predicated upon 15 U.S.C. §§ 1051, *et seq*., including 15 U.S.C. §§1114, 1117, and 1125.

5.     This Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C.§ 1367 in that said claims are joined with substantial and related claims under the trademark laws of the United States, 15 U.S.C. §§ 1051, *et seq*., and over the other claims set forth below by virtue of pendant jurisdiction.

6.     This court has personal jurisdiction over the Defendants based at least upon the fact that the infringement and unlawful conduct alleged below occurred (and continues to occur) in this District, and by virtue of the United States District Court for the Northern District of New York being the judicial district where the Defendants transact business in the State of New York, and have offered for sale the counterfeit and/or infringing products in this District.

7.     Venue is proper in the Northern District of New York under 28 U.S.C.§ 1391(a) and/or (b) because this is the judicial district where a substantial part of the events giving rise to the claim occurred and where Defendants are subject to personal jurisdiction within the meaning of 28 U.S.C. § 1391.

**C.**     **The Parties**

8.     Plaintiff, L. & J. G. Stickley, Inc., is a New York State corporation duly licensed to do business in the State of New York since 1904, having its principal place of business at 1

Stickley Drive, Manlius, County of Onondaga, State of New York, 13104-0480.

9.      Upon information and belief, Target Corp. is a Minnesota corporation with its principal place of business at 1000 Nicollet Mall, Minneapolis, MN 55403.

10.     Upon information and belief, Target Brands, Inc. is a Minnesota corporation with its principal place of business at 1000 Nicollet Mall, Minneapolis, MN 55403.

11.     Upon information and belief, Defendants are authorized to do and do business in New York and within this District, as well as around the world.

**D.     Background and History of Stickley's Trademarks**

12.     For more than 100 years, Stickley has marketed, distributed and sold, and continues to market, distribute and sell, high-end furniture and related products.

13.     Stickley is nationally and internationally renowned as a maker of fine, handcrafted wood furniture, and has a strong and hard-earned reputation for making, designing and crafting furniture that is legendary for its longevity and craftsmanship.

14.     For over a century, Stickley's furniture and related products and services have exclusively and continuously been, and are currently, promoted, marketed and advertised using the trademark "STICKLEY".

15.     Stickley is the owner of the exclusive trademark rights in STICKLEY, both stylized and non-stylized, in connection with furniture goods.  Additionally, the trademark STICKLEY has been used in conjunction with the manufacture and sale of other high-quality goods, including clocks, lamps, chandeliers, carpets and rugs, book ends, housewares and home goods, furniture repair services, retail store services, and show room services.

16.     Stickley offers a variety of furniture styles under the STICKLEY mark, examples of which include Modern Styles (e.g. Metropolitan, 21st Century) and Classic Styles (e.g.

Classics Mahogany, Finger Lakes).  One of Stickley's best known furniture styles offered under the STICKLEY word mark is referred to as "Mission-style."

17.     Representative examples of Stickley's mission-style furniture offered under the STICKLEY word mark are shown here:

 

18.     To protect its rights and goodwill in its trademarks, Stickley has obtained several Federal Trademark Registrations relating to its word mark STICKLEY and various other STICKLEY TRADEMARKS (as defined below).

19.     Specifically, Stickley owns U.S. Federal Trademark Registration No. 2,412,335 for the word mark STICKLEY®, which is registered on the Principal Register in International Class 020 for use in connection with "furniture," a copy of which is attached hereto and incorporated herein as **Exhibit A.**

20.     U.S. Federal Trademark Registration No. 2,412,335 (hereinafter, the "'335 STICKLEY® word mark") is incontestable.

21.     Under this registration, Stickley has the exclusive right to use the '335 STICKLEY® word mark in connection with furniture goods.

22.     The '335 STICKLEY® word mark has been used continuously and exclusively by Stickley since 1905 in connection with a variety of styles of genuine furniture goods. Stickley has extensively used, advertised, and promoted the '335 STICKLEY® word mark in the United States in connection with its genuine furniture, and has exerted significant effort in the

form of advertising, promotion, and sales to promote the '335 STICKLEY® word mark as a name distinctive of Stickley's furniture goods in commerce.

23.     As a result of such extensive and exclusive use, advertisement and promotion, the '335 STICKLEY® word mark has achieved widespread recognition in the marketplace as a source identifier for its genuine furniture, and has developed secondary meaning as an indicator that Stickley is the source of goods identified by the '335 STICKLEY® word mark.

24.     Stickley's '335 STICKLEY® word mark represents valuable goodwill owned by Stickley and is a valuable asset to Stickley.

25.     Stickley additionally is the owner of multiple STICKLEY and STICKLEY-formative trademarks in classes 003, 011, 014, 016, 020, 021, 027, 035, 037, 040, and 042, which are identified in the table below, and copies of which attached hereto and incorporated herein as **Exhibit B** (collectively referred to hereinafter as the "STICKLEY TRADEMARKS").

| Mark | Reg. No. | Reg Date | Goods | First Use: at least as early as |
|------|----------|----------|-------|--------------------------------|
| **STICKLEY** | 2412335 | 2000 | Furniture (Class 020) | 1905 |
| **STICKLEY** | 2412334 | 2000 | Clocks (Class 014) | 1989 |
| **STICKLEY** | 2413939 | 2000 | Lamps (Class 011) | 1990 |
| **STICKLEY** | 4742051 | 2015 | Furniture polish (Class 003) | 1970 |
| | | | Chandeliers; Electric candelabras; Electric lamps; Floor lamps; Lamps; table lamps (Class 011) | 2000 |
| | | | Clocks; Desk clocks; Floor clocks; Pendulum clocks; Small clocks; Table clocks (Class 014) | 2000 |
| | | | Book ends; Letter holders (Class 016) | 2000 |
| | | | Armchairs; Armoires; Bedroom furniture; Beds; Bedside tables; Benches; Book stands; Bookcases; Bottle racks; Buffets; Bunk beds; Cabinets; Cabinets for display purposes; Chairs; Chaise lounges; Chests of drawers; | 1906 |

| | | |
|---|---|---|
| | Computer furniture; Computer workstations comprising desks, drawer units, keyboard trays and/or hutch units; Console tables; Credenzas; Custom furniture; Desks; Dining chairs; Dining room tables; Dining tables; Dinner wagons; Display cases; Display stands; Display tables; Dressers; Dressing tables; Drop-leaf tables; Easy chairs; Easy-chairs; End tables; Entertainment centers; Etagere; Flower-pot pedestals; Foot rests; Foot stools; Furniture; Furniture chests; Furniture for displaying goods; Furniture for house, office and garden; Furniture, namely, display units; Furniture, namely, dressers; Furniture, namely, wall units; Furniture, namely, wardrobes; Hat racks; Hutches; Infant beds; Library furniture; Living room furniture; Lounge chairs; Love seats; Magazine racks; Mirrors; Night tables; Occasional tables; Office armchairs; Office chairs; Office desks; Office furniture; Office seats; Office tables; Ottoman seats; Ottomans; Pedestals; Plant racks; Plant stands; Plate racks; Recliners; Reclining armchairs; Reclining chairs; Residential and commercial furniture; Rocking chairs; Seating furniture; Seats; Serving trolleys; Settees; Shelves; Shelves for books; Sideboards; Sleeper sofas; Sofa beds; Sofas; Stools; Tables; Tea carts; Tea tables; Television stands; Trestle tables; Umbrella stands; Upholstered furniture; Wardrobes; Wine racks; Wood chopping block tables; Wooden beds; Writing desks (Class 020) | |
| | Bread boards; Candlesticks; Candlesticks not of precious metal; Chopping boards for kitchen use; Cutting boards; Lazy susans; Serving trays; Serving trays not of precious metal; Waste baskets; Waste bins for household use; Waste paper baskets; Wine bottle cradles (Class 021) | 2000 |
| | Carpets; Carpets and rugs (Class 027) | 2000 |
| | Providing showrooms for the goods of others in the field of furniture, carpets and home furnishings; Retail furniture stores; Retail store services featuring furniture, carpets and home furnishings (Class 035) | 2000 |
| | Furniture repair; Furniture restoration; Furniture restoration, repair and maintenance; Furniture upholstering; Refinishing of furniture; Repair of furniture (Class 037) | 2000 |
| | Custom manufacture of furniture; Manufacture | 1906 |

| | | | | |
|---|---|---|---|---|
| | | | of general product lines in the field of furniture to the order and specification of others; Manufacture of furniture to order and/or specification of others (Class 040) | |
| | | | Custom design and engineering of furniture; Custom design of furniture based on personal selections made by the customer; Design and development of furniture and home furnishing product lines; Designing furniture and home furnishings; Interior decoration consultation; Interior design services; Interior design services, namely, furniture selection and material selection (Class 042) | 2000 |
| STICKLEY AUDI & CO | 4386311 | 2013 | Furniture polish (Class 003) | 2006 |
| | | | Floor lamps and table lamps; electric candelabras; electric lamps; chandeliers; lamps (Class 011) | 2006 |
| | | | Clocks; Desk clocks; Floor clocks; Pendulum clocks; Small clocks; Table clocks; Wall clocks (Class 014) | 2006 |
| | | | Book ends (Class 016) | 2006 |
| | | | Bedroom furniture; Bedside Tables; Buffets; Cabinets; Computer furniture; Computer workstations comprising desks, drawer units, keyboard trays and/or hutch units; Dinner wagons; Dining room tables; Drop-leaf tables; End tables; Entertainment centers; Furniture; Furniture chests; Furniture, namely, dressers; Furniture, namely, wall units; Furniture, namely, wardrobes; Library furniture; Living room furniture; Mirrors; Night tables; Occasional tables; Office furniture; Office tables; Recliners; Residential and commercial furniture; Seating furniture; Seats; Tables (furniture); Television stands; Trestle tables; Upholstered furniture (Class 020) | 2006 |
| | | | Bread boards; Candlesticks; Candlesticks not of precious metal; Chopping boards for kitchen use; Cutting boards; Waste baskets; Waste paper baskets; Wine bottle cradles (Class 021) | 2006 |
| | | | Carpets; Carpets and rugs (Class 027) | 2006 |
| | | | Providing showrooms for the goods of others in the field of furniture, carpets and home furnishings; Retail furniture stores; Retail store services featuring furniture, carpets and home furnishings (Class 035) | |

| | | | | |
|---|---|---|---|---|
| *Stickley* | 2690120 | 2003 | Furniture polish (Class 003) | 1980 |
| | | | Floor lamps and table lamps (Class 011) | 1980 |
| | | | Bracket clocks and mantle clocks (Class 014) | 1980 |
| | | | Bookends and letter organizers (Class 016) | 1980 |
| | | | Hand-crafted, collector-quality furniture; home furnishings, namely, benches, desk boxes, magazine racks, mirrors, pedestals, plant stands, plate racks, portable shelves, stools, umbrella stands; miniature furniture in the nature of butterfly dining tables, panel beds, spindle chairs and wardrobe armoires (Class 020) | 1980 |
| | | | Candlesticks not made of precious metal; nonmetal jewelry boxes; serving trays not made of precious metal; bread boards; dinner gongs; lazy susans; waste baskets (Class 021) | 1980 |
| | | | Hand-woven, collector quality Oriental and Mission carpets (Class 027) | 1980 |
| *Stickley* | 2692357 | 2003 | Retail Store Services Featuring Hand-Crafted, Collector-Quality Furniture, Carpets And Home Furnishings; Decorating Consultation (Class 035) | 1980 |
| | | | Furniture Repairs (Class 037) | 1980 |
| | | | Interior Decorating Consultations (Class 042) | 1980 |
| *Stickley* | 1988516 | 1996 | Hardwood furniture that is designed and hand-crafted by the applicant (Class 020) | 1985 |
| STICKLEY | 4300176 | 2013 | Furniture polish (Class 003) | 2006 |
| | | | Chandeliers; Electric candelabras; Electric lamps; Floor lamps; Lamps; table lamps (Class 011) | 2006 |
| | | | Clocks; Desk clocks; Floor clocks; Pendulum clocks; Small clocks; Table clocks; Wall clocks (Class 014) | 2006 |
| | | | Book ends (Class 016) | 2006 |
| | | | Bedroom furniture; Bedside Tables; Buffets; Cabinets; Computer furniture; Computer workstations comprising desks, drawer units, keyboard trays and/or hutch units; Dinner wagons; Dining room tables; Drop-leaf tables; | 2006 |

| | | |
|---|---|---|
| | End tables; Entertainment centers; Furniture; Furniture chests; Furniture, namely, dressers; Furniture, namely, wall units; Furniture, namely, wardrobes; Library furniture; Living room furniture; Mirrors; Night tables; Occasional tables; Office furniture; Office tables; Recliners; Residential and commercial furniture; Seating furniture; Seats; Tables (furniture); Television stands; Trestle tables; Upholstered furniture (Class 020) | |
| | Bread boards; Candlesticks; Candlesticks not of precious metal; Chopping boards for kitchen use; Cutting boards; Waste baskets; Waste paper baskets; Wine bottle cradles (Class 021) | 2006 |
| | Carpets; Carpets and rugs (Class 027) | 2006 |
| | Providing showrooms for the goods of others in the field of furniture, carpets and home furnishings; Retail furniture stores; Retail store services featuring furniture, carpets and home furnishings (Class 035) | 2006 |

26.     As a result of Stickley's longstanding use of the STICKLEY TRADEMARKS, the Federal Trademark Registrations relating to the STICKLEY TRADEMARKS, and its common-law use of the STICKLEY TRADEMARKS, Stickley has developed significant trademark rights in the STICKLEY TRADEMARKS in regard to furniture and related products and services.

27.     The '335 STICKLEY® word mark and STICKLEY TRADEMARKS have at all relevant times been owned by Stickley.

28.     Stickley has devoted substantial resources, time and effort in developing, advertising, marketing and otherwise promoting its furniture and related products and services under and in connection with the '335 STICKLEY® word mark and STICKLEY TRADEMARKS.

29.     The '335 STICKLEY® word mark and STICKLEY TRADEMARKS are the hallmark of quality and style for Stickley's products and are iconic symbols of Stickley's long-standing reputation, history and goodwill.

30.     Stickley has spent millions of dollars over the years promoting and advertising its products under the '335 STICKLEY® word mark and STICKLEY TRADEMARKS.  For example, over the past 10 years alone, Stickley has spent approximately $60 million in advertising and promoting the STICKLEY® brand.

31.     As a result, the '335 STICKLEY word mark and STICKLEY TRADEMARKS have acquired significant secondary meaning and distinctiveness, such that relevant consumers readily identify furniture, and related products and services, bearing the '335 STICKLEY® word mark or STICKLEY TRADEMARKS as being of high quality and as being sponsored and approved by Stickley.

32.     Additionally, as a result of Stickley's exclusive and extensive use and promotion of the '335 STICKLEY® word mark and the STICKLEY TRADEMARKS in the furniture category, these marks have acquired enormous value and recognition in the United States and throughout the world among people shopping for furniture.  The '335 STICKLEY® word mark and STICKLEY TRADEMARKS are well known to the consuming public and trade as identifying and distinguishing Stickley exclusively and uniquely as the source of high quality products to which the '335 STICKLEY® word mark and STICKLEY TRADEMARKS are applied, such that the marks are distinctive and famous.

33.     Genuine, authentic Stickley furniture is subject to significant qualify control standards to assure the consuming public about the provenance and quality of each Stickley item, and that it has been manufactured in accordance with strict specifications.  Stickley stands behind that assurance of excellence and quality, and to protect the brand, Stickley furniture is only sold in authorized Stickley retail stores in the United States and is not distributed or sold at discount through retail stores.

34.     As a result of the foregoing, the '335 STICKLEY® word mark and STICKLEY

TRADEMARKS have developed a reputation and significance in the minds of the purchasing

public as distinguishing goods sold under these trademarks as being of higher quality and

manufactured to higher standards than most other similar products.  The '335 STICKLEY®

word mark and STICKLEY TRADEMARKS thus have become strong, famous and distinctive

marks entitled to a broad scope of protection, and are among Stickley's most important and

valuable business assets.

35.     Stickley has not authorized Defendants to use any Stickley trademark, including

the '335 STICKLEY® word mark.

## E.     Defendants and Defendants' Infringing Conduct

36.     Target is a discount brick and mortar and online "big box" retailer that sells

branded merchandise, including furniture.

37.     Upon information and belief, in connection with its merchandise, Defendants

claim to offer for sale at a discount branded items from high-end companies and designers, and it

is known to consumers for its ability to attract high-end designers at discount prices.

38.     Upon information and belief, Defendants' online store carries branded furniture

from a variety of different designers, and Defendants also have at least one brand of their own, if

not more, for furniture products ("Target House Brand").

39.     On or about December 6, 2017, Stickley learned that Defendants are promoting

and otherwise advertising, distributing, selling, and offering for sale counterfeit furniture bearing

the STICKLEY® word mark (hereinafter, the "Counterfeit STICKLEY Furniture").

40.     Specifically, when a customer shops at the Defendants' online store, it will find

counterfeit STICKLEY products.



True and accurate copies of webpages downloaded from www.target.com on December 6-7, 2017, that prominently show the search results for "Stickley", are attached hereto collectively as **Exhibit C.**

41.    For example, while not meant to be limiting, Defendants are promoting and otherwise advertising, distributing, selling, and offering for sale the following Counterfeit STICKLEY Furniture bearing a counterfeit STICKLEY mark:

| PRODUCT NAME | REPRESENTATIVE REFERENCE NUMBERS | REPRESENTATIVE IMAGES |
|---|---|---|
| **Stickley** Perfect Futon Sofa Sleeper - Oak Wood Finish - Sit N Sleep[1]<br><br>7 colors and 3 sizes (chair, Full, Queen) | TCIN: 52832794<br>UPC: 656114474567<br>Store Item Number (DPCI): 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<br><br>TCIN: 53016037 | |
| **Stickley** Perfect Futon Sofa Sleeper - Medium Oak Wood Finish - Khaki Upholstery - Queen-Size - Sit N Sleep[2]<br><br>**Stickley** Perfect Futon Sofa Sleeper - Medium Oak Wood Finish - Olive Green Upholstery - Queen-Size - Sit N Sleep[3] | TCIN: 52832790<br>UPC: 656114474604<br>Store Item Number (DPCI): 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<br><br>TCIN: 52832787<br>UPC: 656114474598<br>Store Item Number (DPCI): 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 | |
| **Stickley** 8-Inch Inner Spring Futon Sofa Sleeper - Oak Wood Finish - Sit N Sleep[4]<br><br>16 colors and 2 sizes (Full, Queen) | TCIN: 52829745<br>UPC: 656114477049<br>Store Item Number (DPCI): 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 | |

1 See Exhibit D, https://www.target.com/p/stickley-perfect-futon-sofa-sleeper-oak-wood-finish-sit-n-sleep/-/A-53016037#lnk=sametab&preselect=52832794, downloaded on December 14, 2017.
2 See Exhibit D, https://www.target.com/p/stickley-perfect-futon-sofa-sleeper-medium-oak-wood-finish-khaki-upholstery-queen-size-sit-n-sleep/-/A-52832790#lnk=sametab, downloaded on December 7, 2017.
3 See Exhibit D, https://www.target.com/p/stickley-perfect-futon-sofa-sleeper-medium-oak-wood-finish-olive-green-upholstery-queen-size-sit-n-sleep/-/A-52832787#lnk=sametab, downloaded on December 7, 2017.
4 See Exhibit D, https://www.target.com/p/stickley-8-inch-inner-spring-futon-sofa-sleeper-oak-wood-finish-sit-n-

| PRODUCT NAME | REPRESENTATIVE REFERENCE NUMBERS | REPRESENTATIVE IMAGES |
|---|---|---|
| **Stickley** 8-Inch Cotton/Foam Futon Sofa Sleeper - Oak Wood Finish - Sit N Sleep[5]<br><br>15 colors and 2 sizes (Full, Queen) | TCIN: 52810937<br>UPC: 656114476707<br>Store Item Number (DPCI): 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 | |

True and accurate copies of webpages downloaded from www.target.com on December 7, 2017 and December 14, 2017 that prominently show the mark 'Stickley' as a point-of-sale ("POS") display for the Counterfeit STICKLEY Furniture, are attached hereto collectively as **Exhibit D.**

42.     With the exception of the TARGET name and trademark that can be viewed by the customer at the top and bottom of the page, and the counterfeit STICKLEY mark prominently found throughout the webpages shown in **Exhibit D**, no other brand or source identifier is associated with these products.

43.     Defendants frequently sell products made by other manufacturers, therefore the TARGET on-line store purporting to offer Stickley merchandise is highly misleading to the consumer as it is consistent with Defendants' widely understood practice of offering merchandise manufactured or designed by others.

44.     Similarly, even though Defendants have a Target House Brand for furniture goods, Defendants chose to mark its furniture with the STICKLEY word mark instead of the Target House Brand, which is highly misleading to the consumer given Defendants' widely understood practice of offering merchandise manufactured or designed by others.

---

sleep/-/A-52985449#lnk=sametab&preselect=52829745, downloaded on December 7, 2017.
5 See Exhibit D, https://www.target.com/p/stickley-8-inch-cotton-foam-futon-sofa-sleeper-oak-wood-finish-sit-n-sleep/-/A-52985441#lnk=sametab&preselect=52810937, downloaded on December 7, 2017.

45. By marking some of its furniture STICKLEY, and others not, Defendants knowingly and intentionally created the false impression that it had sourced certain furniture products from Stickley directly.

46. When a customer places the Counterfeit STICKLEY Furniture in the Defendants' electronic Shopping Cart, the STICKLEY counterfeit mark is prominently displayed next to the counterfeit item as a POS display along with the TARGET trademark on the top and bottom of the page, as shown below. No other brand or source identifier is associated with these products.



True and accurate copies downloaded from www.target.com on December 7, 2017, that show the

appearance of the counterfeit STICKLEY mark in the Defendants' shopping cart as a POS display for the Counterfeit STICKLEY Furniture, are attached hereto collectively as **Exhibit E.**

47.     Defendants additionally take complete responsibility for shipping and returns of the Counterfeit STICKLEY Furniture by stating in the "*Shipping & Return*" policy as follows:

**return details**
This item can be returned to any Target store or Target.com.
This item must be returned within 90 days of the ship date. See return policy for details.
See the Target return policy for complete information.

48.     The furniture found on the Defendants' online store and identified with POS displays and signage by Defendants as "Stickley" is not manufactured or authorized by Stickley and it is not STICKLEY® furniture.

49.     Defendants are not and never have been owners or licensees of the '335 STICKLEY®  word mark or STICKLEY TRADEMARKS, or ever sought or obtained permission from Stickley to use the '335 STICKLEY® word mark or STICKLEY TRADEMARKS on POS signs or otherwise.

50.     Upon information and belief, Defendants knew and understood there was a non-infringing and descriptive way to offer the furniture goods for sale without using the trademark STICKLEY. Defendants instead counterfeited the '335 STICKLEY® word mark for the sole purpose of misleading its customers, and creating a false impression about the furniture in the counterfeit POS signage and advertising.

51.     Defendants' Counterfeit STICKLEY Furniture is similar in appearance to Stickley's genuine furniture offered under the STICKLEY TRADEMARKS, including the use of mission-style design.  To the consumer, the genuine Stickley furniture and Defendants' Counterfeit STICKLEY Furniture would be indistinguishable and likely to be confused.

52.     On information and belief, the Counterfeit STICKLEY Furniture, in addition to

being counterfeit, has been identified by at least one customer as a defective and a hazardous

product.   A true and accurate copy of the website customer review found on and downloaded

from Target's website on December 7, 2017, www.target.com, is attached hereto and

incorporated herein as **Exhibit F**.

53.     Unless recalled, the defective nature of the Counterfeit STICKLEY Furniture

distributed and sold by Defendants will cause substantial harm to the reputation of Stickley and

to the substantial goodwill developed by Stickley behind the '335 STICKLEY® word mark and

STICKLEY TRADEMARKS.

54.     Upon information and belief, Defendants are conducting the counterfeiting and

infringing activities at least within this judicial district and elsewhere in the United States.

55.     Defendants' past and active use, promotion, advertisement, distribution, sale, and

offer for sale of the Counterfeit STICKLEY Furniture is without Stickley's consent or

authorization.

56.     Defendants' counterfeiting activities are likely to cause confusion, mistake, and

deception in the minds of the consumers, public, and trade. Such wrongful conduct is likely to

create a false impression and deceive customers, the public, and the trade into believing that

Stickley is responsible for, associated with, or connected to the counterfeit STICKLEY furniture

distributed and sold by Defendants.

57.     Stickley has and continues to suffer substantial damage and irreparable injury as a

result of Defendants' past, present and continuous counterfeiting and infringing activities.

58.     Defendants' unauthorized use of "Stickley" damages Plaintiff because it

encourages others to use the word mark STICKLEY in commerce.

59.     The injuries and damages sustained by Stickley have been directly and

proximately caused by Defendants' past, present and  future wrongful advertisement, promotion, offer to sell, and sale of Counterfeit STICKLEY Furniture, and Defendants' past, present and future infringing use of the STICKLEY TRADEMARKS on non-Stickley goods, through POS displays and signage on the www.target.com website, which Defendants own and control.

## FIRST CAUSE OF ACTION

### TRADEMARK COUNTERFEITING UNDER THE LANHAM ACT
### 15 U.S.C. §§ 1114

60.     Stickley repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 59 above.

61.     The United States Patent and Trademark Office has legally issued federal Registration No. 2,412,335, which covers the word mark "STICKLEY."  Under this registration, Stickley has the exclusive right to use the STICKLEY® word mark in connection with furniture. Stickley also has common law rights in this trademark in connection with furniture.

62.     Stickley has used the distinctive and famous '335 STICKLEY® word mark continuously in connection with furniture since 1905, and currently uses the '335 STICKLEY® word mark in connection with furniture goods.

63.     Defendants advertise, offer to sell or sell furniture goods employing a spurious designation in a manner which is a reproduction, counterfeit or copy of Stickley's registered and incontestable '335 STICKLEY word mark.

64.     Defendants have used in interstate commerce spurious designations that are identical with, or substantially indistinguishable from, Plaintiff's '335 STICKLEY® word mark, in connection with goods covered by the '335 STICKLEY® word mark.

65.     Defendants' use of the counterfeit word mark on furniture goods is likely to cause confusion, mistake, and deception among members of the trade and the general consuming

18

public as to the origin and quality of the furniture goods distributed and sold by Defendants which bear the counterfeit mark.

66.     Upon information and belief, Defendants' use of the '335 STICKLEY word mark on the Counterfeit STICKLEY Furniture has been knowing and willful, and in direct competition with Stickley's goods covered by the '335 STICKLEY® word mark.

67.     Defendants are not authorized to use the '335 STICKLEY word mark, or any other trademark owned by Stickley, and have never been authorized to use the '335 STICKLEY word mark, or any other trademark owned by Stickley.

68.     Defendants' knowing and willful use has imitated and counterfeited Plaintiff's '335 STICKLEY® word mark in interstate commerce in violation of 15 U.S.C. § 1114.

69.     Upon information and belief, Defendants have engaged in such conduct deliberately and in conscious disregard of Stickley's rights, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

70.     Defendants' unlawful actions have caused and continue to cause unquantifiable damages to Stickley.

71.     Defendants' conduct described herein has caused, and if not enjoined will continue to cause, irreparable damage to Stickley's rights in its trademarks and to the business, positive reputation and goodwill of Stickley, which cannot be adequately compensated solely by monetary damages. Stickley therefore has no adequate remedy at law and seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. §§ 1116 *et seq.*

### SECOND CAUSE OF ACTION
### TRADEMARK INFRINGEMENT OF A WORD MARK UNDER THE LANHAM ACT
### 15 U.S.C. §§ 1114

72.     Stickley repeats, realleges and incorporates by reference each and every allegation

contained in paragraphs 1 through 71 above.

73.   Defendants have promoted, advertised, and offered to sell or sold goods, and continue to promote, advertise, and offer to sell or sell goods, including furniture, employing the mark 'Stickley."

74.   Defendants' use of "Stickley" so resembles the registered '335 STICKLEY® word mark that such use is likely to cause confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of the goods distributed and sold by Defendants which bear the mark "Stickley."

75.   Defendants' use of the word mark "Stickley" is likely to cause confusion, mistake, or deception as to the sponsorship or approval of Defendants' products, in that purchasers or others are likely to believe Defendants' products are Stickley's products or the products of a company legitimately connected with, approved by, or related to Stickley.

76.   Defendants' use of the word mark "Stickley" enables it to substitute and pass off Target's products as Stickley's products.  It also enables purchasers of Defendants' products to represent and display that such products emanate from Stickley or are legitimately connected with or approved by Stickley.

77.   Defendants' above-described illegal actions constitute trademark infringement of the '335 STICKLEY® word mark in violation of Stickley's rights under the Lanham Act, 15 U.S.C. §1114.

78.   Upon information and belief, Defendants' use of the "Stickley" mark has been knowing and willful.

79.   Upon information and belief, Defendants have engaged in such conduct deliberately and in conscious disregard of Stickley's rights, making this an exceptional case

within the meaning of 15 U.S.C. § 1117.

80.     Defendants' unlawful actions have caused and continue to cause unquantifiable damages to Stickley.

81.     Defendants' conduct described herein has caused, and if not enjoined will continue to cause, irreparable damage to Stickley's rights in its trademarks and to the business, positive reputation and goodwill of Stickley, which cannot be adequately compensated solely by monetary damages. Stickley therefore has no adequate remedy at law and seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. §§ 1116 *et seq*.

## THIRD CAUSE OF ACTION

### FALSE DESIGNATION OF ORIGIN USING A WORD MARK
### UNDER THE LANHAM ACT
### 15 U.S.C. §§ 1125

82.     Stickley repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 81 above.

83.     Defendants' marketing and advertising materials using Plaintiff's word mark intentionally and willfully misrepresent the origins of its furniture.

84.     Defendants' intentional and willful activities constitute false designation of origin and false representation as to the nature, characteristics or qualities of Defendants' furniture, causing harm and injury to the business and goodwill of Stickley.

85.     Defendants use of the "Stickley" word mark in commerce constitutes a false designation of origin or description in that it is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Stickley, or as to whether Stickley has sponsored, approved, or authorized Target's goods or services, or if Defendants are otherwise connected to Stickley.

86.     Defendants' activities constitute a violation of §43(a) of the Lanham Trademark

Act, 15 U.S.C. §1125(a).

87.     By reason of Defendants' acts of false designation of origin, and false description and representation of fact as alleged above, Stickley has suffered, and will continue to suffer, substantial damage to its business, including a diversion of trade and loss of profits in an amount not yet ascertained.

88.     Upon information and belief, Defendants have engaged and continue to engage in the aforesaid activities willfully and with knowledge of Stickley's rights with respect to its furniture.

89.     The intentional and willful acts of Defendants make this an exceptional case within the meaning of 15 U.S.C. § 1117.

90.     Defendants' conduct described herein has caused, and if not enjoined will continue to cause, irreparable damage to Stickley's rights in its trademarks and to the business, positive reputation and goodwill of Stickley, which cannot be adequately compensated solely by monetary damages. Stickley therefore has no adequate remedy at law and seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. §§ 1116 *et seq.*

## FOURTH CAUSE OF ACTION
### TRADEMARK INFRINGEMENT OF A WORD MARK UNDER NEW YORK COMMON LAW

91.     Stickley repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 90 above.

92.     Upon information and belief, Defendants have intentionally or willfully copied the Stickley word marks and benefitted from Stickley's goodwill and reputation, and have created a likelihood of confusion in violation of Stickley's rights under the common law of the State of New York.

93.     Defendants' activities constitute infringement, copying, imitation and misappropriation of Stickley's word marks and unjust enrichment and unfair competition in violation of Stickley's rights under the common law of the State of New York.

94.     Defendants' acts have caused and are causing great irreparable injury to Stickley and unless said act are restrained by this Court, they will be continued and continue to cause great and irreparable harm to Stickley.

95.     Based on the above-described wrongful acts of Defendants, Stickley has incurred monetary damages in an amount presently unknown.

96.     Stickley has no adequate remedy at law.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, L. & J.G. Stickley, prays for judgment against Defendants, granting the Plaintiff:

A.     An award of statutory damages for use of counterfeit marks in the amount of $200,000 per counterfeit mark, per type of goods or services sold, offered for sale, or distributed, and if the Court finds Defendants' conduct to be willful, in an amount up to $2,000,000 per counterfeit mark, per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. §1117(c);

B.     An accounting and award of Defendants' profits derived by them for such past, present and future willful infringing and unlawful acts complained of herein pursuant to §1117(a);

C.     Damages for Defendants' past, present and future willful and unlawful conduct pursuant to 15 U.S.C. §1117(a), enhanced damages pursuant to 15 U.S.C. §1117(a) and (b), and damages and punitive damages in connection with the State and common

law Claims;

D.     An injunction enjoining Defendants and all persons acting in concert or participation with them, or persons acting or purporting to act on their behalf, or who are within their control, including but not limited to their partners, owners, agents, representatives, employees, attorneys, successors and assigns, from advertising, promoting, offering for sale, or selling the Counterfeit STICKLEY Furniture, and from use of any counterfeit STICKLEY mark or any use of or reference to the name or mark "STICKLEY", with respect to any advertising, marketing, website, solicitation, sale, or offer for sale, pursuant to 15 U.S.C. § 1116;

E.     An order for the recall and destruction of all goods and materials within the control of Defendants, its agents or distributors of the Counterfeit STICKLEY Furniture, or any materials or goods which in any way uses the name or mark STICKLEY on or in connection with furniture, and a further order requiring Defendants to report in writing, under oath of the results of such a recall and destruction, pursuant to 15 U.S.C. § 1116;

F.     Stickley's costs of this action and attorneys' fees, pursuant to 15 U.S.C. § 1117(a) and (b), and/or New York State Law;

G.     An award of pre- and post-judgment interest; and

H.     Such other and further relief against Defendants in favor of Stickley as this Court deems just, equitable and proper.

Dated:  December 19, 2017               Respectfully submitted,

                                        **s/ Susan E. Farley**
                                        Susan E. Farley, Esq. (*NDNY Bar No. 101883*)
                                        Alana M. Fuierer, Esq. (*NDNY Bar No. 512985*)
                                        Shanna K. Sanders, Esq. (*NDNY Bar No. 513685*)
                                        Attorneys for Plaintiff, L. & J. G. Stickley, Inc.
                                        HESLIN ROTHENBERG FARLEY & MESITI P.C.
                                        5 Columbia Circle
                                        Albany, NY 12203
                                        Telephone: (518) 452-5600
                                        Facsimile:  (518) 452-5579
                                        Email: susan.farley@hrfmlaw.com
                                        Email: alana.fuierer@hrfmlaw.com
                                        Email: shanna.sanders@hrfmlaw.com